UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGORY P. BUHLER,<br><br>Plaintiff,<br><br>vs.<br><br>CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>Defendant. | NO. 13-CV-0333-JLQ<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT OF DISMISSAL WITHOUT PREJUDICE AND PARTIAL UNSEALING OF THE RECORD** |

BEFORE THE COURT is *pro se* Plaintiff Gregory Buhler's Notice of Voluntary Dismissal filed pursuant to Fed.R.Civ.P. 41(a).

The United States consents pursuant to 31 U.S.C. §3730(b)(1) of the False Claims Act ("FCA") to dismissal of this qui tam action without prejudice.

**I.   Dismissal**

Section 3730(b)(1) of the FCA states that this action may be dismissed "only if the court and the Attorney General give written consent to the dismissal and give *their* reasons for consenting." The United States Attorney has set forth broad and perfunctory reasons in its Amended Notice of Consent (ECF No. 13). The Notice, without naming any applicable alleged sovereign, states that "[s]overeign governments are not subject to liability under the FCA in *qui tam* actions brought by private individuals..." and cites *Donald v. Univ. of Cal. Bd. of Regents*, 329 F.3d 1040 (9th Cir. 2003), a case involving a

ORDER - 1

*qui tam* action against a state entity.

The original FCA was enacted in 1863 in the midst of the Civil War. It establishes civil penalties for "*[a]ny person*" who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval," or who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(1), (3). Counsel for the Government has not cited authority addressing tribal liability under the FCA. This court has therefore researched the matter. The United States Supreme Court has held that municipalities, but not states, constitute "persons" under the FCA. *See Cook County, Ill. v. United States ex rel. Chandler*, 538 U.S. 119 (2003)(municipalities)*; Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 780–781 (2000)(states).

Lower courts relying upon *Stevens* have dismissed qui tam actions against Indian tribes for lack of jurisdiction concluding that tribes, like states, are sovereigns and there is no evidence Congress intended to allow tribes to be sued under the FCA. *See Kendall v. Chief Leschi School, Inc.,* 2008 WL 4104021 (W.D.Wash. 2008)(unreported); *U.S. v. Menominee Tribal Enterprises*, 601 F.Supp.2d 1061, 1068 (E.D.Wis. 2009); *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, 2012 WL 2327676 (D.Nev. 2012)(unreported); *see also*, *Braun v. Seminole Tribe of Florida, Inc.*, 232 F.3d 215 (11th Cir.2000)(summarily affirming 1999 district court decision dismissing qui tam action against the Seminole Tribe).

Furthermore, where the Government chooses not to intervene, the False Claims Act does not authorize a *pro se* litigant to prosecute a *qui tam* action on behalf of himself and the interests of the government. *Stoner v. Santa Clara County Office of Educ*, 502 F.3d 1116 (9th Cir. 2007). Accordingly, Plaintiff's Complaint shall be dismissed without prejudice.

## II.    United States' Motion to Partially Unseal the Record

Pursuant to the *qui tam* provisions of the FCA, Plaintiff filed this matter under seal so the United States could investigate the allegations. The United States has motioned the court to unseal the Complaint, the Amended Notice of Consent, and the resulting Order of the court. (ECF No. 13). On February 13, 2014, the court entered an Order allowing Plaintiff until February 24, 2014 to file any objection to the United States' request to lift the seal. Plaintiff did not file any objection.

There is a strong presumption in favor of public access to judicial records. *See, e.g.*, *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978). The Government requests "all other papers" besides the Complaint and Amended Notice of Consent remain sealed on the grounds that they discuss the "content and extent of the United States' investigation." (ECF No. 13 at 2). However, only the Government's Motion for Extension of Time (ECF No. 2) and the court's Order Granting that Motion (ECF No. 4) contain such discussions. The only other record which is justifiably sealed is Plaintiff's counsel's Motion to Withdraw (ECF No. 3) discussing the attorney-client relationship. As to all other records, there have been no factors identified herein which are sufficiently compelling to outweigh the strong public interest in favor of access. *See e.g., United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F.Supp.2d 782 (E.D.Mich. 2008)(citing factors such as national security considerations, trade secrets, personal privacy interest, and personal safety concerns).

## III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint (ECF No. 1) and the claims therein shall be dismissed without prejudice to the Plaintiff and the United States.

2. The United States' Motion to Partially Unseal the Record (ECF No. 13) is GRANTED IN PART and DENIED IN PART. This Order, the Judgment, and the following documents shall be **UNSEALED**: ECF No 1 and ECF Nos. 5-13. All other contents of the Court's file, including ECF Nos. 2-4, shall remain **UNDER SEAL** and

ORDER - 3

are not to be made public or served upon the Defendant.

3. The United States' duplicative pending Motion at ECF No. 11 ("Request for Order") is DENIED as **MOOT**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter Judgment in accordance with this Order, and provide copies to counsel for the Government and to Plaintiff.

**DATED** this 28th day of February, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE